BRENNAN GOTT LAW, PA
218 North Mosley
Wichita, Kansas 67202
Telephone:  (316)682-8500
Facsimile:  (316)682-6222

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS
### AT WICHITA, KANSAS

| | |
|---|---|
| **MAURICE M. MCKNIGHT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. |
| ) | |
| **WILLIAM F. PRESET JR, STARBUCK** ) | |
| **TRUCKING LLC AND FARM BUREAU** ) | |
| **PROPERTY & CASUALTY INSURANCE** ) | |
| **COMPANY,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

Pursuant to Chapter 60 of K.S.A.

### COMPLAINT

**COMES NOW** the Plaintiff, through counsel Troy H. Gott of Brennan Gott Law, PA, and for his claims against Defendants, alleges and states:

### IDENTITY OF THE PARTIES

1.  Plaintiff Maurice M. McKnight is a resident of Dallas, Texas.

2.  Defendant William F. Preset Jr. was the driver and owner of the dump truck at the time of the collision.  Defendant Preset was driving under imprimatur of Starbuck Trucking LLC (Starbuck Trucking) and the authority granted to Starbuck Trucking by the Department of Transportation (DOT) and the Kansas Corporation Commission (KCC).  He is a resident of Fredonia, Wilson County, Kansas.  Service of process may be made by serving him or a person of suitable age and discretion at his residence, 3206 Walnut Street, Fredonia, Kansas 66736.

3. Defendant Starbuck Trucking LLC (Starbuck Trucking) is a Kansas Limited Liability Company, with its principal place of business located at 7883 900 Road, Fredonia, Kansas 66736. Service of process may be made by serving its registered agent Kevin L. Starbuck at 7883 900 Road, Fredonia, Kansas 66736.

4. Defendant Farm Bureau Property & Casualty Insurance Company (Farm Bureau) is an insurance company authorized to conduct business in the State of Kansas. Farm Bureau may be served with summons and complaint by serving Vicki Schmidt, Commissioner of Insurance of the State of Kansas, whose address is 1300 SW Arrowhead Road, Topeka, Kansas 66604. Based on information and belief Farm Bureau issued an insurance policy that covered the dump truck and Starbuck Trucking. The policy was in effect at the time of the collision.

## JURISDICTION AND VENUE

5. This Court has proper venue and jurisdiction over the persons and subject matter of this action.

6. The collision giving rise to Plaintiff's cause of action occurred in Wilson County, Kansas, which is within this judicial district. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

7. Plaintiff is a citizen of the State of Texas. Upon information and belief, no defendant is a citizen of the State of Texas. Plaintiff asserts claims against Defendants for a recovery of an amount in excess of $75,000.00, exclusive of interest and costs. This Court has diversity jurisdiction pursuant to 28 U.S.C. 1332(a)(1).

## GENERAL FACTS

8. Starbuck Trucking applied for authority to operate with the DOT and was granted authority to operate as a carrier under DOT number 940850.

9. Starbuck Trucking also registered as a common-carrier with the KCC.

10. The Freightliner Dump Truck that caused the collision was owned by Defendant Preset but the dump truck was leased or otherwise loaned to Starbuck Trucking.

11. Starbuck Trucking is registered as a common carrier on the Federal Motor Carrier Safety Administration ("FMCSA"). It is also listed as a common carrier on the KCC database.

12. At the time of the accident giving rise to Plaintiff's claim herein, Defendant Preset was employed by Starbuck Trucking and was operating the 1989 Freightliner Dump Truck, Kansas license plate number 193271, US DOT #940850. At the time of the aforesaid collision, Defendant Preset was an agent or employee of Starbuck Trucking and was operating said vehicle in the scope of his employment. The negligence of Defendant Preset is likewise the negligence of Starbuck Trucking.

13. The Federal Motor Carrier Safety Regulations ("FMCSR") are located at 49 C.F.R. § 390 *et seq*. The FMCSRs and the Motor Carrier Act of 1980 ("MCA") specifically operate under the section 40 C.F.R. § 391.1(a) and (b), which states "(a) The rules in this part establish minimum qualifications for persons who drive commercial motor vehicles, as, for, or on behalf of motor carriers. The rules in this part **also establish minimum duties of motor carriers with respect to the qualification of drivers.** The FMCSRs set forth the applicable minimum industry standard of care including the minimum qualifications for drivers and the minimum duties for drivers under 49 C.F.R. § 391.1(a) & (b).

14. The State of Kansas incorporates some of the FMCSR and also promulgates certain rules governing common carriers and its drivers. See K.A.R. 82-4-1 et seq. Article 4 is entitled "Motor Carriers of Persons and Property".

## THE COLLISION

15.     On May 6, 2020, Plaintiff was driving his pickup truck eastbound on K-39 in Wilson County, Kansas.  The speed limit on K-39 is 65 miles-per-hour.  Plaintiff was approaching the intersection of K-39 and Harper Road.  Harper Road's speed limit is 65 miles-per-hour and has stop signs governing its traffic at the intersection of K-39 and Harper Road.  K-39 is the through highway.  Defendant Preset was driving the dump truck southbound on Harper Road approaching the intersection of Harper Road and K-39.  Defendant Preset was driving the speed limit as he approached the intersection.  The gross weight of Starbuck Trucking's dump truck was between 10,001 pounds to 26,000 pounds.

16.     The intersection of K-39 and Harper Road has no obstructions and the stop signs to stop the traffic on Harper Road are clearly visible without obstructions.

17.     According to the Farm Bureau's claims adjuster, Defendant Preset said that he shifted down multiple gears as he approached the intersection.  Defendant Preset claims that he was going through the intersection at 5 miles-per-hour.  The claims adjuster also claims that there were no mechanical issues with the dump truck.  This statement infers that this very visible stop sign was suddenly noticed by Defendant Preset.  Simply stated Defendant Preset was distracted.

18.     As Plaintiff's pickup approached the intersection, suddenly and without any warning, Starbuck Trucking's permissive driver Defendant Preset failed to stop at the stop sign governing his lane of travel causing him to collide with Plaintiff's pickup truck.

19.     The investigating police officer with the Kansas Highway Patrol, placed 100% fault on Defendant Preset for causing the collision.  Defendant Preset was charged with failure to stop at a stop sign.  He was issued a citation for violating K.S.A. 8-1528.

20. Both vehicles sustained significant damage. As a direct and proximate result of Defendant Preset's negligence and/or wanton conduct, Plaintiff sustained serious and debilitating injuries from the Collision.

## DEFENDANTS' NEGLIGENCE AND WANTON MISCONDUCT

21. The actions and/or omissions of Defendant Preset are the actions and/or omissions of Starbuck Trucking under the doctrines of Respondent Superior and Vicarious Liability. Moreover, the wanton acts of Defendant Preset were authorized and/or ratified by Starbuck Trucking.

22. Based on information and belief at the time of this collision, Defendant Preset acted in a careless, negligent and/or wanton manner which caused the resulting injuries, aggravations of pre-existing conditions and damages to the Plaintiff as hereafter set forth. Defendant Preset was negligent and/or wanton in one or more of the following respects:

    a. For running the stop sign;

    b. Failing to stop at the stop sign;

    c. Failing to keep a proper lookout;

    d. Inattentive operation of a commercial motor vehicle;

    e. Careless driving;

    f. Reckless and wanton driving;

    g. Failure to take evasive action to avoid this collision;

    h. Failing to warn;

    i. Failing to meet the minimum duties and industry standards of care set forth under K.A.R. 82-4-1, et. seq. and corresponding Kansas Statutes;

      j.      Upon information and belief operating of a commercial vehicle while using a cellular phone, GPS, PDA, CB radio, mapping or other message device;

      k.      Violating K.S.A. 8-1528 which requires all vehicles stop at stop signs;

      l.      Failing to yield to Plaintiff's truck;

      m.      Upon information and belief using a cellular phone device, wireless communication or other PDA device while operating a motor vehicle and talking, texting or looking at GPS directions, thereby violating K.S.A. 8-15,111 and causing Defendant Preset to be distracted;

      n.      Failing to operate his dump truck in accordance with the general traffic regulations and the laws of the State of Kansas;

      o.      Failing to operate his dump truck in accordance with the Federal laws and regulations and the regulations and laws of the State of Kansas for common carriers; and

      p.      In other respects that will be fully set out in the pretrial order.

23.    Based on information and belief at the time of this collision, Starbuck Trucking acted in a careless, negligent and/or wanton manner which caused the resulting injuries, aggravation of pre-existing conditions and damages to the Plaintiff as hereafter set forth. Starbuck Trucking was negligent and/or wanton in one or more of the following respects:

      a.      Upon information and belief, failing to comply with the requirements and recommendations of the DOT and FMCSA regarding using the following safety protocols: Failing to perform post-accident investigations; failing to set up and utilize a Safety Review Board; failing to train drivers in defensive driving, hazard perception, and accident awareness techniques;

    b.    Failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. §§ 381 through 399;

    c.    Failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R § 383.110, 49 C.F.R. § 383.11, 49 C.F.R. 383.113 by failing to have adequate safety management controls in place that would require and provide that the truck driver, Motor Carrier and/or Broker had the required skills and safety management controls required under these regulations;

    d.    Failing to meet the minimum duties and industry standards of care set forth under K.A.R. 82-4-1, et. seq. and corresponding Kansas Statutes.

    e.    Failing to operate as a common carrier in accordance with the Federal laws and regulations and the regulations and laws of the State of Kansas for common carriers;

    f.    Upon information and belief Starbuck Trucking negligently entrusted the dump truck to Defendant Preset; and

    g.    In other respects that will be fully set out in the pretrial order.

## PLAINTIFF'S DAMAGES

24. As a direct and proximate result of Defendants' negligent and wanton acts, Plaintiff suffered personal injuries and/or aggravated pre-existing conditions, including but not limited to, neck pain, back pain, left hip pain, left foot pain, left hand pain, left knee pain and left shoulder pain, as well as other injuries or aggravations, disability, pain and suffering, loss of time, loss wages, medical, surgical and therapy expenses and other economic damages, all past and future.

Additionally, Plaintiff will require neck surgery to treat his injuries and/or aggravation to a pre-existing conditions.  The combined economic and non-economic losses of the Plaintiff resulting from Defendants' negligent and/ or wanton acts as described above exceed $75,000.

25. Upon information and belief the principals of Starbuck Trucking authorized and/or ratified all of Defendant Preset's acts and/or omissions that give rise to punitive damages.

26. The Plaintiff claims attorney fees against the Defendants pursuant to K.S.A. 66-176 which provides:

> Any public utility or common carrier which violates any of the provisions of law for the regulation of public utilities or common carriers shall forfeit, for every offense, to the person, company or corporation aggrieved thereby, the actual damages sustained by the party aggrieved, together with the costs of suit and reasonable attorney fees, to be fixed by the court. If an appeal is taken from the judgment or any part thereof, it shall be the duty of the appellate court to include in the judgment additional reasonable attorney fees for services in the appellate court or courts.

27. Upon information and belief Farm Bureau's insurance policy insures the dump truck against loss by fire, tornado, lighting or hail such as Plaintiff is allowed mandatory attorney fees pursuant to K.S.A. 40-908.

WHEREFORE, Plaintiff prays for judgment against the Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages in an amount to be determined, for attorney fees pursuant to K.S.A. 66-176 or K.S.A. 40-908, together with costs, interest and expenses and for such further and other relief as the Court deems just and equitable.

Respectfully submitted,

BRENNAN GOTT LAW, PA

By     s/ Troy H. Gott
    Troy H. Gott (14062)
    218 N. Mosley
    Wichita, Kansas 67202
    (316) 682-8500 Telephone
    (316) 682-6222 Facsimile
    Email: troy@brennangottlaw.com
    *Attorneys for Plaintiff*

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

COMES NOW the Plaintiff and demands a pretrial conference and a trial by jury of eight (8) persons in this matter.

## DESIGNATION PLACE OF TRIAL

COMES NOW the Plaintiff and designates Wichita, Kansas, as the place for trial in this matter.

Respectfully submitted,

BRENNAN GOTT LAW, PA

By     s/ Troy H. Gott
    Troy H. Gott (14062)
    218 N. Mosley
    Wichita, Kansas 67202
    (316) 682-8500 Telephone
    (316) 682-6222 Facsimile
    Email: troy@brennangottlaw.com
    *Attorneys for Plaintiff*